# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDION HEALTH SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> STRATEGIC UNIVERSAL ADVISORS, LLC, et al., <br><br> Defendants. | Case No.: 18-CV-0200 W (KSC) <br><br> **ORDER VACATING ORDER TO SHOW CAUSE [DOC. 7]** |

    Plaintiff filed this case on January 29, 2018 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Compl.* [Doc. 1] ¶¶ 20–26.) On February 20, 2018, the Court ordered Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction based on the fact that the Complaint did not affirmatively allege the citizenship of any Defendant. (*Feb. 20, 2018 Order* [Doc. 7].) The Complaint alleged that "[u]pon information and belief, no members of SUA are citizens of California[,]" and that "Stanley and Laurie Altschuler are individuals who reside in Jericho, New York." (*Compl.* [Doc. 1] ¶¶ 21–22.)

As the Court noted, " '[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.' " (*Id.* [Doc. 7] 1:25–27 (quoting Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).) Further, " '[t]he natural person's state citizenship is . . . determined by her state of domicile, not her state of residence.' " (*Id.* [Doc. 7] 1:27–2:1 (quoting Kanter, 265 F.3d at 857).)

On Monday, February 26, 2018, Plaintiff filed a response indicating that it has been unable to determine the identity of Defendant LLC's members despite "an exhaustive search of publicly . . . available records[.]" (*Pl.'s OSC Response* [Doc. 8] 1–2; *Balfour Decl.* [Doc. 8-1] ¶ 2.) As Defendant Strategic Universal Advisors is a New York LLC, information regarding its membership is not publicly available. (*See Pl.'s OSC Response* [Doc. 8] 1:18–26 (citing N.Y. Limit. Liab. Co. § 203)). When "information necessary to establish the diversity of the citizenship of some of the defendants [is] not reasonably available to [the] plaintiff," the plaintiff should have an opportunity "to plead its jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting those defendants' citizenship." See Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1086 (9th Cir. 2014).

Furthermore, Plaintiffs' response indicates that both individual Defendants, Stanley and Laurie Altschuler, "have been residents of New York since at least 1983." (*Pls.' OSC Response* [Doc. 8] 2:3–9; *Balfour Decl.* [Doc. 8-1] ¶ 6.) It further states that Plaintiff "has been unable to identify any non-New York residence associated with the Altschuler Defendants, nor is [Plaintiff] aware of any intention of the Altschuler Defendants to reside outside of New York." (*Pls.' OSC Response* [Doc. 8] 2:3–9.) For the purpose of determining diversity jurisdiction, "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter, 265 F.3d at 857.

//
//

In light of the foregoing, the Order to Show Cause is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: February 28, 2018

_____
Hon. Thomas J. Whelan
United States District Judge